UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TAMMY ALICE HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV2081 CDP |
| | ) | |
| ST. LOUIS COUNTY et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Tammy Henderson filed this employment discrimination suit against her former employer, St. Louis County, under Title VII of the Civil Rights Act, and the Americans with Disabilities Act ("ADA"). After the Court appointed her counsel, Henderson filed an amended complaint adding claims against John Szuba and Roy Mueller in their official capacities as her supervisors. Defendants Szuba and Mueller seek dismissal of the claims brought against them, arguing that bringing the same claims against both an employer and a supervisor are duplicative under Title VII and the ADA. Because I find that any liability against Szuba and Mueller will be satisfied by St. Louis County, Szuba and Mueller will be dismissed.

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Rule 12(b)(6), Fed. R. Civ. P. The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the

complaint. A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim entitling it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001). When considering a motion pursuant to Rule 12(b)(6), the court must assume the factual allegations of a complaint are true and must construe those allegations in favor of the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

Henderson states that Szuba and Mueller are each being sued in their official not individual capacity. The Court has not found, nor have the parties cited, any Eighth Circuit rulings on the issue of whether an employer and a supervisor sued in their official capacities are subject to liability under Title VII. The Court acknowledges, however, that there have been Title VII cases before the Eighth Circuit with both an employer and a supervisor as named defendants, without this issue being raised. See Jackson v. Ark. Dep't of Educ., Vocational and Technical Educ. Div., 272 F.3d 1020 (8th Cir. 2001); Day v. Johnson, 119 F.3d 650 (8th Cir. 1997); Hall v. Gus Constr. Co. Inc., 842 F.2d 1010 (8th Cir. 1988).

In addressing this issue, the Western District of Missouri Court held that dismissal of the redundant claims against the supervisor was appropriate. Coller v. State of Missouri, Dep't of Econ. Dev., 965 F. Supp 1270, 1275 (W.D. Mo.

1997). The court found that because a suit against a supervisor in his or her official capacity as an agent of the employer is treated as a suit against the employer itself, claims against both parties are duplicative. Id. This court has expressed agreement with the Western District's holding. See Green v. City of St. Louis, No. 4:05CV198 JCH, 2006 WL 1663439, at *10 (E.D. Mo. June 15, 2006).

Although the Eighth Circuit has not addressed this issue, the appellate court has stated that agency principles do apply in the Title VII context. Kramer v. Logan County School District No. R-1, 157 F.3d 620, 625 (8th Cir. 1998). "Employer" as defined in Title VII includes "a person engaged in an industry affecting commerce ... and any agent of such a person." 42 U.S.C. § 2000e(b). Given this definition, it would be duplicative to bring claims against both an employer and a supervisor who is acting as an agent of the employer. The ADA also contains a definition of 'employer' which includes agents, therefore, the same law of agency applies. See 42 U.S.C. § 1211(5)(A) (ADA definition of "employer"); Waters v. Baldwin County, 936 F.Supp. 860, 862 (S.D. Ala. 1996) (holding that there is no need for plaintiff to sue both his employer and his supervisors in their official capacities because of the law of agency).

Henderson acknowledges the Missouri district court cases and their applicability here, however, she argues that these claims should not be dismissed because Szuba and Mueller have denied being employees of St. Louis County.

Szuba and Mueller have not yet answered Henderson's amended complaint but they deny that there are any contested facts on the issue of their employment. For a motion to dismiss, I must accept all of the plaintiff's allegations as true. Henderson alleges in her amended complaint that Szuba and Mueller are employees of St. Louis County and at all times relevant to this action, they were acting in their capacities as her supervisors. Defendants Szuba and Mueller were Henderson's supervisors and therefore agents of her employer St. Louis County. Any liability against Szuba and Mueller will be satisfied by St. Louis County. Defendants Szuba and Mueller are dismissed from this action.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Roy Mueller and John Szuba's motion to dismiss [#37] is GRANTED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of December, 2006.